10-2836-ag
Gao v. Holder

BIA
Lamb, IJ
A094 803 099

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of August, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
>> *Circuit Judges.*

_____

ZHEN LIN GAO,
> *Petitioner,*

v.                                          10-2836-ag

                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        H. Raymond Fasano, Madeo & Fasano, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhen Lin Gao, a native and citizen of China, seeks review of a June 16, 2010, order of the BIA affirming the August 4, 2008, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Lin Gao*, No. A094 803 099 (B.I.A. June 16, 2010), *aff'g* No. A094 803 099 (Immig. Ct. N.Y.C. Aug. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under 8 U.S.C. § 1101(a)(42), an individual who was not personally subject to a forced abortion or sterilization may

2

still establish eligibility for asylum by showing that he engaged in "other resistance to a coercive population control program," and that as a result of that resistance, he was persecuted. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007) (en banc); *see also Matter of J-S-*, 24 I. & N. Dec. 520, 536-38 (A.G. 2008) (adopting the holding in *Shi Liang Lin*). The agency did not err in finding that Gao did not demonstrate that any harm he suffered was on account of his resistance to a coercive population control program. Gao stated that he was hurt when, as a 14-year-old, he hung onto his mother's leg when she was being taken off to be sterilized. But he submitted no evidence that when he clung to his mother's leg he was acting in resistance to a coercive population control program. Rather, he stated in both his asylum application and testimony that he grabbed his mother's leg because he was scared. *See Shi Liang Lin*, 494 F.3d at 313.

Because the agency reasonably concluded that Gao did not suffer past persecution, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 208.13(b)(1). Gao makes no argument concerning a fear of future persecution independent from his claim of past

3

persecution.  Consequently, the agency reasonably concluded that Gao did not meet his burden of establishing a well-founded fear of future persecution.  Because Gao did not demonstrate past persecution, or a well-founded fear of future persecution, the agency did not err in denying his applications for asylum and withholding of removal, which shared the same factual predicate.  *See Xue Hong Yang*, 426 F.3d at 522-23.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk